UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**KIMBERLY ROSE,**

    **Plaintiff,**

v.                                              **Case No: 5:14-cv-669-Oc-18PRL**

**COMMISSIONER OF SOCIAL SECURITY**

    **Defendant.**

# REPORT AND RECOMMENDATION[1]

Plaintiff appeals the administrative decision denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Upon a review of the record, the memoranda, and the applicable law, I recommend that the Commissioner's decision be **AFFIRMED.**

## I. BACKGROUND

For the sake of convenience, the administrative history, which is not in dispute, is copied from the Government's brief:

> Plaintiff applied for a period of disability, disability insurance benefits (DIB), and Supplemental Security Income (SSI) benefits on July 11, 2012, alleging disability beginning September 2, 2000 (Tr. 200-203). An Administrative Law Judge (ALJ) denied these applications in a hearing decision issued March 28, 2014 (Tr. 14-32). The Appeals Council denied Plaintiff's request for review on October 8, 2014 (Tr. 1-4). Plaintiff timely pursued and exhausted her administrative remedies available before the Commissioner. The final decision of the Commissioner finding

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

> Plaintiff has not met the statutory requirements for disability is now ripe for review and this Court properly has jurisdiction over this action pursuant to §§ 205(g), 1631(c)(3) of the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3).

(Doc. 19, p. 1-2).

At the time of the ALJ's decision, Plaintiff was 46 years of age.  (Tr. 14, 200).  Plaintiff completed three years of college, and has prior work experience as a stockbroker.  (Tr. 41, 244, 285).  Plaintiff alleged disability due to back pain, arthritis, depression, delusions and suicidal ideation.  (Tr. 243).

Based on a review of the record, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  (Tr. 19).  At Step Two, the ALJ found that Plaintiff had a severe impairment of a spine disorder.  (Tr. 19).  The ALJ further found that Plaintiff's medically determinable mental impairments of depression and anxiety do not cause more than a minimal limitation in her ability to perform basic mental work activities and were therefore non-severe.  (Tr. 19).  The ALJ found that the Plaintiff had the residual functional capacity (RFC) to perform light work with limitations.  The ALJ concluded:

> [Plaintiff] has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b).  The [Plaintiff] should avoid climbing ladders, ropes and scaffolds and avoid frequent stooping, kneeling, crouching, and crawling.  The claimant is limited to frequent fingering.  Her mental tasks are limited to simple instructions with few workplace changes.

(Tr. 21).

Based upon this RFC, and considering the testimony of the vocational expert, the ALJ found that Plaintiff was not capable of performing past relevant work, but could perform work that existed in significant numbers in the national economy, such as work as a house sitter or office helper.  (Tr. 25).  Accordingly, the ALJ determined that Plaintiff is not disabled.

## II. STANDARD OF REVIEW

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988)(citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). This is clearly a deferential standard.

**III. DISCUSSION**

Plaintiff raises a single issue on appeal: Whether substantial evidence supports the ALJ's "enumeration" of Plaintiff's mental health diagnoses or his severity findings regarding Plaintiff's mental health impairments. Plaintiff argues that the ALJ's error in these areas lead, in turn, to the ALJ's failure to consider all of Plaintiff's impairments in combination. (Doc. 18, p. 4).

Plaintiff argues that the ALJ erred by finding that Plaintiff's mental impairments caused only minimal limitations, despite the "consensus among examiners and treaters" that she suffers from a bipolar disorder, an anxiety disorder, panic attacks, psychosis, and a personality disorder. Doc. 18, p. 4).

Plaintiff cites a 2010 treatment plan from the Centers with a diagnosis of bipolar disorder, a problem list dated January 29, 2010 listing a diagnosis of anxiety, panic attacks, psychosis, and a note diagnosing Plaintiff with manic, severe bipolar disorder. Plaintiff also cites a December 16, 2012 consultative report from Marvin A. Gardner, Jr, Ph.D., diagnosing Plaintiff with polysubstance dependence, cannabis dependence, opioid dependence, mood disorder, anxiety disorder, obsessive disorder, posttraumatic stress disorder, and a personality disorder. Plaintiff further cites the August 15, 2013 consultative examination by Dr. Poetter stating that Plaintiff's history suggests similarities with many borderline personality disorder patients, and that her symptoms are suggestive of major depressive disorder, polysubstance abuse, pain disorder, nicotine dependence, and borderline personality disorder.

Plaintiff argues that the ALJ erred in failing to consider Plaintiff's pain in combination with her mental health impairments in determining Plaintiff's RFC. A review of the record, however, reveals that the ALJ properly considered Plaintiff's condition as a whole, including her mental health. The undersigned agrees that Plaintiff failed to meet her burden of proving that she had a severe mental impairment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).

"Disability is determined by the effect an impairment has on the claimant's ability to work, rather than the diagnosis of an impairment itself." *Davis v. Barnhart,* 153 F. App'x 569, 572 (11th Cir. 2005). As explained below, substantial evidence supports the ALJ's finding that Plaintiff's mental impairments were non-severe.

Specifically, the ALJ found that none of the medical records showed Plaintiff was disabled from the relevant time period from Plaintiff's alleged onset date of September 2, 2001 through the insured date of June 30, 2005. The evidence during this time period showed that Plaintiff was involuntarily admitted to The Centers treatment facility pursuant to the Baker Act, not due to a mental disorder but because Plaintiff was abusing prescription medication. Indeed, the records from this time period indicate that Plaintiff was being treated for her substance abuse, while she denied suicidal, homicidal, assaultive and other ideations. (Tr. 337). Her biophysical assessments focus on her substance abuse profile, and issues such as frequency and time of heaviest use. (Tr. 338). The sole problem identified in her Master Treatment Plan dated March 15, 2005 is dependency on prescription pain medication. (Tr. 361). On the same date, Plaintiff received a Global Assessment of Functioning (GAF) score of 60, indicating only moderate difficulty in functioning. (Tr. 360).

On December 16, 2012, following Plaintiff's SSI application, Dr. Gardner Ph.D. performed a psychological consultative examination and concluded that Plaintiff had the necessary skills to interact satisfactorily with supervisors, coworkers, and the public, perform complex tasks on a consistent basis, maintain regular attendance, and perform work abilities without special or additional supervision. Importantly, he noted that any mental health experiences were not likely to interfere with her normal work day or work week. (Tr. 561). He also observed that Plaintiff had excellent social skills, and was "quite bright," (Tr. 561) and noted that Plaintiff's use of opioid

pain medication, marijuana dependence, and noncompliance with psychiatric medications could result in a poor prognosis for her. Indeed, the ALJ made similar findings at the hearing, observing of Plaintiff, "you sound very intelligent, and you're organized." (Tr. 49).

In making a RFC determination, the ALJ conservatively limited Plaintiff to simple instructions with few workplace changes despite Dr. Gardner's finding that Plaintiff had normal concentration and could perform complex tasks. (Tr. 24). Otherwise, the ALJ afforded Dr. Gardner's opinion significant weight, as it was consistent with the other evidence. (Tr. 24). The other evidence included Plaintiff's own testimony regarding her activities, her ability to manage her healthcare and personal care without assistance, and the fact that Plaintiff was working in an office environment a few hours per week. (Tr. 24). The ALJ concluded that the evidence as a whole demonstrated that Plaintiff had the ability to perform the mental requirements of the RFC. (Tr. 24).

The Court agrees, and finds that substantial evidence supports the ALJ's finding that, despite her various diagnoses, Plaintiff did not have a severe mental impairment. *Smith v. Comm'r of Soc. Sec.,* 501 F. App'x 875, 879 (11th Cir 2012). Notably, the ALJ found in Plaintiff's favor at step two and proceeded with the other steps of the sequential evaluation process, so any error in failing to find that Plaintiff suffers from additional severe impairments would be harmless. *See Packer v. Comm'r of Soc . Sec.,* 542 F App'x 890, 892 (11th Cir. 2013).

Further, the ALJ's decision reflects that he properly considered the combined effects of Plaintiff's impairments in evaluating her claim. As Defendant notes, the ALJ discussed the evidence relating to Plaintiff's mental impairments throughout the decision, and specifically found at step three that "claimant does not have an impairment or combination of impairment that meets or medically equals the severity of one of the listed impairments." (Tr. 21). Where a claimant

has alleged several impairments, the Commissioner has a duty to consider the impairments in combination and to determine whether the combined impairments render the claimant disabled. *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002). This requirement is met if the ALJ states that the claimant "did not have an impairment or combination of impairments" that would amount to a disability. *Id*. at 1224–25).

Further, the ALJ specifically stated that he was limiting Plaintiff to simple instructions with few workplace changes because of the combination of her mental symptoms and physical pain and medications. (Tr. 24). Thus, I find no merit in Plaintiff's argument that the ALJ failed to consider the combination of her impairments. Substantial evidence supports the ALJ's findings and his conclusion that the Plaintiff was not disabled within the meaning of the Social Security Act.

## IV. CONCLUSION

For the reasons stated above, it is respectfully recommended that the ALJ'S decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

**DONE and ENTERED** in Ocala, Florida on February 2, 2016.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties